# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

JEFFREY F. EVERS,

                Petitioner,

v.

BRIAN FOSTER,

                Respondent.

Case No. 17-CV-1149-JPS

**ORDER**

On August 22, 2017, Petitioner Jeffrey Evers ("Evers") filed this petition pursuant to 28 U.S.C. § 2254, asserting that his state court conviction and sentence were imposed in violation of the Constitution. (Docket #1). After proceeding to trial in Milwaukee County Circuit Court in August 2014, Evers was convicted of kidnapping and first-degree sexual assault with use of a dangerous weapon. *Id.* at 2. On September 30, 2014, he was sentenced to twenty years' imprisonment to be followed by ten years of supervised release. *Id.* Evers appealed his conviction beginning in April 2015 but it was upheld at each level of the Wisconsin court system. *Id.* at 3.

Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts authorizes a district court to conduct an initial screening of habeas corpus petitions and to dismiss a petition summarily where "it plainly appears from the face of the petition…that the petitioner is not entitled to relief." This rule provides the district court the power to dismiss both those petitions that do not state a claim upon which relief may be granted and those petitions that are factually frivolous. *See Small v. Endicott*, 998 F.2d 411, 414 (7th Cir. 1993). Upon an initial Rule 4 review of habeas petitions, the court will analyze whether the petitioner has avoided statute

of limitations bars, exhausted available state remedies, avoided procedural default, and set forth cognizable constitutional or federal law claims.

The court begins its Rule 4 review by examining the timeliness of Evers' petition. A state prisoner in custody pursuant to a state court judgment has one year from the date "the judgment became final" to seek federal habeas relief. 28 U.S.C. § 2244(d)(1)(A). A judgment becomes final within the meaning of § 2244(d)(1)(A) when all direct appeals in the state courts are concluded followed by either the completion or denial of certiorari proceedings in the U.S. Supreme Court, or, if certiorari is not sought, at the expiration of the 90 days allowed for filing for certiorari. *See Ray v. Clements*, 700 F.3d 993, 1003 (2012) (citing *Anderson v. Litscher*, 281 F.3d 672, 675 (7th Cir. 2002)).

Here, it appears Evers' petition is timely. From the face of the petition, it appears that Evers' direct appeal concluded on May 15, 2017, when the Wisconsin Supreme Court denied his petition for review. (Docket #1 at 3). He did not file a petition for certiorari to the United States Supreme Court. *Id.* at 4. Because the petition in this case was filed on August 22, 2017, just three months after the end of Evers' state-level appeals process, it satisfies the time constraints of Section 2244(d).

The court continues its Rule 4 review by examining Evers' petition to determine whether he has exhausted his state remedies. The district court may not address the merits of the constitutional claims raised in a federal habeas petition "unless the state courts have had a full and fair opportunity to review them." *Farrell v. Lane*, 939 F.2d 409, 410 (7th Cir. 1991). Accordingly, a state prisoner is required to exhaust the remedies available in state court before a district court will consider the merits of a federal habeas petition. 28 U.S.C. § 2254(b)(1)(A); *Dressler v. McCaughtry*, 238 F.3d

908, 912 (7th Cir. 2001) (if petitioner "either failed to exhaust all available state remedies or raise all claims before the state courts, his petition must be denied without considering its merits."). A petitioner exhausts his constitutional claim when he presents it to the highest state court for a ruling on the merits. *Lieberman v. Thomas*, 505 F.3d 665, 669 (7th Cir. 2007) (citing *Picard v. Connor*, 404 U.S. 270, 275 (1971); *Perruquet v. Briley*, 390 F.3d 505, 513 (7th Cir. 2004)). Once the state's highest court has had a full and fair opportunity to pass upon the merits of the claim, a prisoner is not required to present it again to the state courts. *Humphrey v. Cady*, 405 U.S. 504, 516 n.18 (1972).

Here, Evers alleges five grounds: 1) ineffective assistance of trial counsel; 2) that his conviction is based on a coerced confession; 3) that his conviction rests on a false police report; 4) that the trial court improperly instructed the jury in his case; and 5) ineffective assistance of appellate counsel. (Docket #1 at 6-11). According to the face of the petition, it appears that Evers presented the first four of these claims to each level of the Wisconsin courts for review. *See id.* at 3. In the case of Ground Five, the claim could not arise until Evers' appeal failed, and the petition concedes that Evers has not filed a post-conviction motion (such as one pursuant to Wisconsin's *Knight* precedent) presenting the claim. *Id.* at 4.

If a federal habeas petition has even a single unexhausted claim, the district court may be required to dismiss the entire petition and leave the petitioner with the choice of either returning to state court to exhaust the claim or amending or resubmitting the petition to present only exhausted claims. *See Rose v. Lundy*, 455 U.S. 509, 510 (1982). Under *Rhines v. Weber*, 544 U.S. 269, 278 (2005), the Court should grant a stay to allow the petitioner to return to state court to exhaust his claims when "the petitioner had good

cause for his failure to exhaust, his unexhausted claims are potentially meritorious, and there is no indication that the petitioner engaged in intentionally dilatory litigation tactics." *See also Purvis v. United States*, 662 F.3d 939, 944 (7th Cir. 2011) (applying *Rhines* to a mixed petition brought under 28 U.S.C. § 2255). The Court should also allow the petitioner to amend his petition to remove any unexhausted claims before dismissing the petition. *Rhines*, 544 U.S. at 278.

Accordingly, the Court must give Evers a choice. This choice, however, will depend on the grounds upon which Evers seeks relief. Either Evers can: (1) dismiss this petition in its entirety in order to exhaust all his claims in state courts; (2) move for a stay and abeyance while he returns to state court to exhaust his unexhausted claim; or (3) elect to proceed on only the exhausted claims described above. If he dismisses the unexhausted claim, then the Court will be able to consider only his exhausted claims.

If Evers elects option (2) and wishes to maintain his unexhausted claim and seek a stay and abeyance, he should file a separate motion for a stay and abeyance. In that motion, Evers will need to show that he "had good cause for his failure to exhaust, his unexhausted claims are potentially meritorious, and there is no indication that the petitioner engaged in intentionally dilatory litigation tactics." *Rhines*, 544 U.S. at 278. If Evers elects option (3) and wishes to dismiss his unexhausted claim and proceed only on his exhausted claims, then he should: (a) file an amended petition which does not include the unexhausted claim; and (b) file a separate letter telling the Court that he wishes to proceed only on his exhausted claims. Finally, if Evers elects option (1) and seeks to dismiss this action in its entirety so that he may exhaust his claims in the state court, he may notify the Court of that decision by letter. The Court hereby warns Evers that, if

he proceeds only on the exhausted claims, he may not be able to proceed on his other claim(s) in a second or successive petition. *See* 28 U.S.C. § 2244(b)(2).

Whichever course of action Evers elects to take, the Court will require him to file his amended petition, motion, or letter as described herein within **thirty (30) days** of the entry of this Order. Finally, the Court notes that Evers has filed a motion for leave to proceed *in forma pauperis*. (Docket #2). His trust account statement shows that he regularly receives deposits into his account which are substantially more than the $5.00 filing fee in this case. (Docket #3). Much of those funds are spent on visits to the prison canteen. *Id.* The Court will, therefore, deny his motion for leave to proceed *in forma pauperis* and require that the $5.00 filing fee be paid, also within **thirty (30) days**. *See* 28 U.S.C. §§ 1914(a), 1915(a).

Accordingly,

**IT IS ORDERED** that, within **thirty (30) days** of the entry of this Order, Petitioner shall: (1) file a letter seeking dismissal of this action in its entirety while he exhausts his claims in state court; (2) move for a stay and abeyance of this action while he exhausts his claims in state court; or (3) file a letter indicating that he wishes to proceed only on his exhausted claims and file an amended petition that does not include the unexhausted claim;

**IT IS FURTHER ORDERED** that Petitioner's motion for leave to proceed *in forma pauperis* (Docket #2) be and the same is hereby **DENIED**; and

**IT IS FURTHER ORDERED** that Petitioner shall pay the $5.00 filing fee for this action within **thirty (30) days** of the entry of this Order.

Dated at Milwaukee, Wisconsin, this 8th day of September, 2017.

BY THE COURT:

_____
J. P. Stadtmueller
U.S. District Judge