# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

| |  |
|---|---|
| JEFFREY F. EVERS,<br><br>                        Petitioner,<br>v.<br><br>BRIAN FOSTER,<br><br>                        Respondent. | Case No. 17-CV-1149-JPS<br><br>**ORDER** |

      The Court began the screening process for Petitioner Jeffery F. Evers' ("Evers") petition on September 8, 2017. (Docket #7). Because Evers failed to exhaust his state court remedies for one of his five grounds for relief, the Court gave him various options to proceed with this action. *Id.* at 4-5. Evers chose to withdraw the unexhausted ground. (Docket #8). Evers may thus proceed on the four other, exhausted grounds he identified. (Docket #1 at 6-9).

      With Evers' choice made, the Court can now complete the screening process. It must next review Evers' petition under Rule 4 to determine whether he has procedurally defaulted on any of his claims. Even though a constitutional claim in a federal habeas petition has been exhausted, the court is still barred from considering the claim if it has been procedurally defaulted by the petitioner. *See Mahaffey v. Schomig*, 294 F.3d 907, 915 (7th Cir. 2002) (citing *Boerckel v. O'Sullivan*, 135 F.3d 1194, 1196–97 (7th Cir. 1998), *rev'd on other grounds by O'Sullivan v. Boerckel*, 526 U.S. 838, 849 (1999)). A state prisoner procedurally defaults on a constitutional claim in a habeas petition when he fails to raise the claim in the state's highest court in a timely fashion or in the manner prescribed by state law. *See O'Sullivan*,

526 U.S. at 848; *Thomas v. McCaughtry*, 201 F.3d 995, 1000 (7th Cir. 2000). Here, on the record before the Court, it appears that Evers has not procedurally defaulted on his claims.

The Court concludes its Rule 4 review by screening for patently frivolous and speculative claims in Evers' federal habeas petition. *See Ray v. Clements*, 700 F.3d 993, 996 n.1 (2012) (citing *Small v. Endicott*, 998 F.2d 411, 414 (7th Cir. 1993), for the proposition that district courts may dismiss petitions that fail to state a claim or are factually frivolous). Evers' claims are not patently frivolous and may state claims upon which relief could be granted; if proven, Evers' claims will show that his conviction was unconstitutional and that he is therefore entitled to habeas relief. Thus, the claim is not so plainly without merit as to warrant dismissal at this stage.

Because it does not plainly appear that Evers' claims are frivolous or speculative, the Court will direct the respondent to respond to Evers' claims in the petition.

Accordingly,

**IT IS ORDERED** that the parties shall proceed in accordance with the following schedule:

1. Within thirty (30) days of entry of this order, the respondent shall file either an appropriate motion seeking dismissal of this action or answer the petition, complying with Rule 5 of the Rules Governing § 2254 Cases, and showing cause, if any, why the writ should not issue; and

2. If the respondent files an answer, then the parties should abide by the following briefing schedule:

    a. The petitioner shall have sixty (60) days after the filing of the respondent's answer within which to file a brief in support of his petition, providing reasons why the writ of habeas corpus should be issued. The petitioner is reminded that, in

        accordance with 28 U.S.C. § 2248, unless he disputes allegations made by the respondent in his answer or motion to dismiss, those allegations "shall be accepted as true except to the extent that the judge finds from the evidence that they are not true."
- b. The respondent shall file an opposition brief, with reasons why the writ of habeas corpus should not be issued, within sixty (60) days of service of petitioner's brief, or within one hundred twenty (120) days from the date of this order if no brief is filed by petitioner.
- c. The petitioner may then file a reply brief, if he wishes to do so, within thirty (30) days after the respondent has filed a response brief.

3. If the respondent files a motion in lieu of an answer, then the parties should abide by the following briefing schedule:

- a. The petitioner shall have thirty (30) days following the filing of respondent's dispositive motion and accompanying brief within which to file a brief in opposition to that motion.
- b. The respondent shall have fifteen (15) days following the filing of petitioner's opposition brief within which to file a reply brief, if any.

Pursuant to Civil L. R. 7(f), the following page limitations apply: briefs in support of or in opposition to the habeas petition or a dispositive motion filed by respondent must not exceed thirty pages and reply briefs must not exceed fifteen pages, not counting any caption, cover page, table of contents, table of authorities, and/or signature block.

Pursuant to Rule 4 of the Rules Governing § 2254 Cases, as well as a Memorandum of Understanding entered into between the Wisconsin Department of Justice and the U.S. District Clerk of Court for the Eastern District of Wisconsin, a copy of the petition and this order have been sent via a Notice of Electronic Filing ("NEF") to State of Wisconsin respondent(s) through the Attorney General for the State of Wisconsin through the

Criminal Appeals Unit Director and lead secretary. The Department of Justice will inform the Court within twenty-one (21) days from the date of the NEF whether the Department will not accept service of process on behalf of the respondent, the reason for not accepting service for the respondent, and the last known address of the respondent. The Department of Justice will provide the pleadings to the respondent on whose behalf it has agreed to accept service of process.

Dated at Milwaukee, Wisconsin, this 29th day of September, 2017.

BY THE COURT:

_____
J. P. Stadtmueller
U.S. District Judge