# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

JEFFREY F. EVERS,

        Petitioner,

v.

BRIAN FOSTER,

        Respondent.

Case No. 17-CV-1149-JPS

**ORDER**

### 1. INTRODUCTION

On August 14, 2014, a jury in the Milwaukee County Circuit Court found Petitioner Jeffrey F. Evers ("Evers") guilty of kidnapping and first degree sexual assault using a dangerous weapon. (Docket #1 at 2). Evers had forced a woman to drive him around at gunpoint for a while and eventually raped her. On September 30, 2014, he was sentenced to twenty years' imprisonment to be followed by ten years of supervised release. *Id.* Evers sought to appeal but his counsel filed a no-merit report. His conviction was summarily affirmed on January 25, 2017. *Id.* at 3. Evers' subsequent petition for review to the Wisconsin Supreme Court was denied on May 15, 2017. *Id.* Evers filed the instant petition for a writ of *habeas corpus* on August 22, 2017. *Id.* In accordance with the Court's briefing schedule, Evers filed a brief in support of his petition on February 7, 2018. (Docket #18). Respondent submitted his brief in opposition on May 9, 2018. (Docket #22). Evers filed a reply on June 7, 2018. (Docket #23). For the reasons explained below, Evers' petition must be denied.

2. **BACKGROUND**

As noted above, Evers appealed his convictions and his appellate counsel filed a no-merit report. *See* (Docket #16-2). A no-merit report is permitted under Wisconsin law when appointed counsel concludes that an appeal would be "frivolous and without any arguable merit." Wis. Stat. § 809.32(1)(a) (citing *Anders v. California*, 386 U.S. 738 (1967)). The report must "identify anything in the record that might arguably support the appeal and discuss the reasons why each identified issue lacks merit." *Id.* Evers filed multiple responses to the no-merit report. *See* (Docket #16-3 and #16-4). He claimed that his trial counsel provided ineffective assistance to him on for numerous grounds:

> (1) [F]ailing to investigate the credibility of the victim,
>
> (2) failing to impeach the victim with a recording of her 911 call,
>
> (3) failing to move for a mistrial due to the victim's unwillingness to answer certain questions on cross-examination,
>
> (4) failing to investigate the credibility of the codefendant who testified for the State,
>
> (5) failing to impeach the testimony of Officer Karla Lehmann about the victim's statement to another officer that no one forced her into Evers' car,
>
> (6) failing to explain the concept of lesser-included offenses to him, and
>
> (7) failing to obtain bank records of the victim revealing her ATM transactions on the night in question.

*State of Wisconsin v. Jeffrey F. Evers*, 2015-AP-2592-CRNM, 2017 WL 389844, at *2 (Wis. Ct. App. Jan. 25, 2017) (formatting altered).

The Wisconsin Court of Appeals rejected each asserted ground of ineffectiveness:

> With respect to Evers' claims of ineffective assistance relating to the victim, we are satisfied that no issue of arguable merit could arise from them. Evers fails to explain what information additional investigation would have yielded about the victim's credibility. In any event, trial counsel did attack the victim's credibility at trial. On cross-examination, he questioned her about an inconsistent statement she made in her 911 call and got her to admit that she was looking to go to a party on the night in question and, at least initially, felt comfortable when Evers approached her about taking her to one. When the victim became uncooperative and turned away from counsel, he did not move for a mistrial, which would have been denied as without merit. Instead, he used that in closing argument, noting, "She would not even face me when asked questions.... In telling the truth, if you're telling the truth you face the person. You don't turn around."
>
> We are also satisfied that no issue of arguable merit could arise from Evers' other claims of ineffective assistance. Again, Evers fails to explain what information additional investigation would have yielded about the codefendant's credibility. Moreover, the record shows that trial counsel elicited from Lehmann the victim's statement to another officer that no one forced her into Evers' car. The record also confirms that counsel discussed with Evers the concept of lesser-included offenses before electing not to ask for any. That strategy paid off with the acquittal of two felony counts. As for the victim's bank records, a detective testified that he subpoenaed the victim's bank and was told that such records no longer existed. Counsel cannot be faulted for failing to obtain evidence that does not exist.
>
> In addition to the foregoing issues, we considered other potential issues that arise in cases tried to a jury, e.g., objections during trial, confirmation that the defendant's waiver of the right to testify is valid, propriety of opening statements and closing arguments, and the circuit court's communication to the jury during its deliberations. Here,

> objections during trial were properly ruled on. When Evers elected not to testify, the circuit court conducted a proper colloquy to ensure that his waiver was valid. No improper arguments were made to the jury during opening statements or closing arguments. Finally, the court's answers to the jury's questions and requests for exhibits were appropriate. Accordingly, we conclude that such issues would lack arguable merit.

*Id.* at *2–3. Evers asserted the same grounds in his petition for review to the Wisconsin Supreme Court, as well as one more (discussed further below). (Docket #16-9). Evers has not sought any other form of post-conviction relief in the Wisconsin courts. (Docket #1 at 4).

Evers' habeas petition initially presented five grounds for relief. (Docket #1 at 6–11). At the screening stage, the Court concluded that Evers failed to exhaust his state court remedies with respect to Ground Five. (Docket #7). Evers withdrew Ground Five and the Court ordered briefing on the remaining four grounds. (Docket #8 and #9). Those grounds are: 1) ineffective assistance of trial counsel; 2) that his conviction is based on a coerced confession; 3) that his conviction rests on a false police report; and 4) that the trial court improperly instructed the jury in his case.

3. **LEGAL STANDARD**

State criminal convictions are generally considered final. Review may be had in federal court only on limited grounds. To obtain habeas relief from a state conviction, 28 U.S.C. § 2254(d)(1) (as amended by the Antiterrorism and Effective Death Penalty Act ("AEDPA")) requires the petitioner to show that the state court's decision on the merits of his constitutional claim was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the United States Supreme Court. 28 U.S.C. § 2254(d)(1); *Brown v. Payton*, 544 U.S. 133,

141 (2005). The burden of proof rests with the petitioner. *Cullen v. Pinholster*, 563 U.S. 170, 181 (2011). The relevant decision for this Court to review is that of the last state court to rule on the merits of the petitioner's claim. *Charlton v. Davis*, 439 F.3d 369, 374 (7th Cir. 2006). In Evers' case, that would be the Wisconsin Court of Appeals' January 25, 2017 opinion.

A state-court decision runs contrary to clearly established Supreme Court precedent "if it applies a rule that contradicts the governing law set forth in [those] cases, or if it confronts a set of facts that is materially indistinguishable from a decision of [the Supreme] Court but reaches a different result." *Brown*, 544 U.S. at 141. Similarly, a state court unreasonably applies clearly established Supreme Court precedent when it applies that precedent to the facts in an objectively unreasonable manner. *Id.*; *Bailey v. Lemke*, 735 F.3d 945, 949 (7th Cir. 2013).

The AEDPA undoubtedly mandates a deferential standard of review. The Supreme Court has "emphasized with rather unexpected vigor" the strict limits imposed by Congress on the authority of federal habeas courts to overturn state criminal convictions. *Price v. Thurmer*, 637 F.3d 831, 839 (7th Cir. 2011). It is not enough for the petitioner to prove the state courts were wrong; he must also prove they acted unreasonably. *Harrington v. Richter*, 562 U.S. 86, 101 (2005); *Campbell v. Smith*, 770 F.3d 540, 546 (7th Cir. 2014) ("An 'unreasonable application of' federal law means 'objectively unreasonable, not merely wrong; even 'clear error' will not suffice.'") (quoting *White v. Woodall*, 134 S. Ct. 1697, 1702 (2014)).

Indeed, the habeas petitioner must demonstrate that the state court decision is "so erroneous that 'there is no possibility fairminded jurists could disagree that the state court's decision conflicts with [the Supreme] Court's precedents.'" *Nevada v. Jackson*, 569 U.S. 505, 508–09 (2013) (quoting

*Harrington*, 562 U.S. at 102). The state court decisions must "be given the benefit of the doubt." *Woodford v. Visciotti*, 537 U.S. 19, 24 (2002); *Hartjes v. Endicott*, 456 F.3d 786, 792 (7th Cir. 2006). As the Supreme Court has explained, "[i]f this standard is difficult to meet, that is because it was meant to be." *Harrington*, 562 U.S. at 102. Indeed, Section 2254(d) stops just short of "imposing a complete bar on federal-court relitigation of claims already rejected in state proceedings." *See id.* This is so because "habeas corpus is a 'guard against extreme malfunctions in the state criminal justice systems,' not a substitute for ordinary error correction through appeal." *Id.* at 102–103 (quoting *Jackson v. Virginia*, 443 U.S. 307, 332 n.5 (1979) (Stevens, J., concurring)).

4. **ANALYSIS**

The Court begins with Ground One. The Court of Appeal's *Blake* opinion neatly summarizes the standards applicable to Evers' claim of ineffective assistance:

> A party asserting ineffective assistance of counsel bears the burden of establishing two elements: (1) that his trial counsel's performance fell below objective standards for reasonably effective representation, and (2) that counsel's deficiency prejudiced the defense. *Strickland v. Washington*, 466 U.S. 668, 687–88 . . . (1984)[.]
>
> To satisfy the first element of the *Strickland* test, appellant must direct the Court to specific acts or omissions by his counsel. In that context, the Court considers whether in light of all the circumstances counsel's performance was outside the wide range of professionally competent assistance. The Court's assessment of counsel's performance is "highly deferential[,] . . . indulg[ing] a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance[.]" [*Id.* at 689.]
>
> . . .

> To satisfy the second *Strickland* element, appellant must show that there is a reasonable probability that, but for counsel's errors, the result of the proceedings would have been different, such that the proceedings were fundamentally unfair or unreliable. A reasonable probability is defined as one that is sufficient to undermine confidence in an outcome.

*Blake v. United States*, 723 F.3d 870, 878-79 (7th Cir. 2013) (citations and quotations omitted).

The *Strickland* test, layered underneath the above-described standard of review, produces the following question for the Court to answer: whether the Wisconsin Court of Appeals' ruling on Evers' claim represents an unreasonable application of the *Strickland* standard. *Harrington*, 562 U.S. at 101. As *Blake* explains, claims of ineffective assistance are already assessed with deference to the defendant's counsel. Presenting such claims in the context of a habeas proceeding means that Evers must not only prove that the Court of Appeals' analysis was wrong, but additionally that it was "so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Id.* at 103; *id.* at 105 ("The standards created by *Strickland* and § 2254(d) are both highly deferential, and when the two apply in tandem, review is doubly so[.]") (citations and quotations omitted).

Evers comes nowhere close to carrying this burden. Construed generously, Evers presents about two pages of argument on the point. *See* (Docket #18 at 6–7; Docket #23 at 2). Even that limited argument is presented in an entirely conclusory fashion. *Id.* The Court cannot act as Evers' lawyer, delving through the record and constructing arguments on his behalf. *Stransky v. Cummins Engine Co., Inc.*, 51 F.3d 1329, 1335 (7th Cir.

1995). More to the point, Evers' briefs do nothing to convince the Court that the Wisconsin Court of Appeals erred in applying the *Strickland* standard, much less applied it unreasonably. The court's thorough opinion, quoted at length above, addressed each of Evers' claims. Evers' briefing appears focused on counsel's treatment of the victim witness, but as the Court of Appeals explained, he cross-examined as best he could and used her uncooperative attitude to Evers' favor in closing argument. *Evers*, 2017 WL 389844, at *2. Further, before both the Wisconsin Court of Appeals and this Court, Evers has failed to establish prejudice. *Id.*; (Docket #18 at 6–7). Ground One is without merit.

Respondent asserts that Evers procedurally defaulted on each of the remaining three grounds for relief. (Docket #22 at 9–12). Claims which are procedurally defaulted must be dismissed without consideration of their merits. *Snow v. Pfister*, 880 F.3d 857, 865 (7th Cir. 2018). As *Snow* explains,

> There are two distinct ways in which a state prisoner can procedurally default a federal claim. In cases where the state court declines to address a petitioner's federal claims because the petitioner did not meet state procedural requirements, principles of comity and federalism dictate against upending the state-court conviction, and instead, finding that the petitioner's claim is procedurally defaulted. The second type of procedural default stems from the requirement that a state prisoner must exhaust his remedies in state court before seeking relief in federal court. State prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process.

*Id.* at 864 (citations and quotations omitted, formatting altered). Respondent's concern is with the latter form of procedural default. He argues that Evers presented only ineffective assistance of counsel claims to

the Wisconsin Court of Appeals. *See* (Docket #16-3 and #16-4). In his petition for review to the Wisconsin Supreme Court, Evers again focused on his allegations of ineffective assistance. (Docket #16-9). He raised Ground Four, for the first time, in that petition. *Id.* at 4, 8.

Grounds Two and Three were never presented to the Wisconsin courts in any form. Ground Four is not saved by its presence in the petition for review. It should have first been argued before the Wisconsin Court of Appeals. Further, Evers did not invoke any issues of federal constitutional law while arguing Ground Four in his petition for review. *Baldwin v. Reese*, 541 U.S. 27, 29 (2004) (federal habeas claims must be fairly presented to state courts in order to avoid procedural default, which means that "the prisoner must [present] his claim in each appropriate state court (including a state supreme court with powers of discretionary review), thereby *alerting that court to the federal nature of the claim*.") (emphasis added, quotation omitted). Evers does not present meaningful argument to the contrary. He simply states, without explanation, that this Court should not find procedural default. (Docket #23 at 3). Grounds Two, Three, and Four are procedurally defaulted.

5. **CONCLUSION**

Evers has not shown that the Wisconsin Court of Appeals unreasonably applied Supreme Court precedent in rejecting his claims of ineffective assistance of counsel. Indeed, he has not even shown that its conclusion was wrong. Further, the record demonstrates that Evers failed to properly present his other grounds for relief to the Wisconsin courts. Evers' petition must, therefore, be dismissed with prejudice.

Under Rule 11(a) of the Rules Governing Section 2254 Cases, "the district court must issue or deny a certificate of appealability when it enters

a final order adverse to the applicant." To obtain a certificate of appealability under 28 U.S.C. § 2253(c)(2), Evers must make a "substantial showing of the denial of a constitutional right" by establishing that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (internal citations omitted). As the Court discussed above, no reasonable jurists could debate whether Evers' petition has merit. The Wisconsin Court of Appeals clearly and correctly applied controlling Supreme Court precedent to his exhausted claim, and his other claims were indisputably defaulted.

Finally, the Court closes with some information about the actions that Evers may take if he wishes to challenge the Court's resolution of this case. This order and the judgment to follow are final. A dissatisfied party may appeal this Court's decision to the Court of Appeals for the Seventh Circuit by filing in this Court a notice of appeal within 30 days of the entry of judgment. See Fed. R. App. P. 3, 4. This Court may extend this deadline if a party timely requests an extension and shows good cause or excusable neglect for not being able to meet the 30-day deadline. *See* Fed. R. App. P. 4(a)(5)(A). Moreover, under certain circumstances, a party may ask this Court to alter or amend its judgment under Federal Rule of Civil Procedure 59(e) or ask for relief from judgment under Federal Rule of Civil Procedure 60(b). Any motion under Federal Rule of Civil Procedure 59(e) must be filed within 28 days of the entry of judgment. The Court cannot extend this deadline. *See* Fed. R. Civ. P. 6(b)(2). Any motion under Federal Rule of Civil Procedure 60(b) must be filed within a reasonable time, generally no more than one year after the entry of the judgment. The court cannot extend this

deadline. *See id.* A party is expected to closely review all applicable rules and determine what, if any, further action is appropriate in a case.

Accordingly,

**IT IS FURTHER ORDERED** that Petitioner's petition for a writ of *habeas corpus* (Docket #1) be and the same is hereby **DENIED**;

**IT IS FURTHER ORDERED** that a certificate of appealability as to Petitioner's petition be and the same is hereby **DENIED**; and

**IT IS FURTHER ORDERED** that this action be and the same is hereby **DISMISSED with prejudice**.

The Clerk of the Court is directed to enter judgment accordingly.

Dated at Milwaukee, Wisconsin, this 22nd day of June, 2018.

BY THE COURT:

_____
J. P. Stadtmueller
U.S. District Judge